UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN JOHNSON,

                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    03-CV-6416L

                        v.

SERGEANT HANNAH, SERGEANT FROST,
C.O. COLEMAN, C.O. JANES,

                                        Defendants.
_____

Plaintiff, Johathan Johnson, appearing *pro se*, filed this action under 42 U.S.C. § 1983.
Plaintiff, an inmate in the custody of the New York State Department of Correctional Services,
alleges that his constitutional rights were violated on August 4, 2003, when, as he was being escorted
to take his scheduled shower at Southport Correctional Facility, plaintiff was struck by excrement
that had been thrown at him by another inmate from within the other inmate's cell.  Plaintiff alleges
that the four defendants, all of whom were, on the date of the incident, correctional officers at
Southport, did not allow plaintiff to clean himself properly after this incident occurred.[1]  Defendants
have moved for summary judgment.  For the following reasons, the motion is granted, and the
complaint is dismissed.

## BACKGROUND

The complaint alleges that defendants "refused to permit the plaintiff's [sic] to wash his body
of the feeces [sic] with soap and water.  Nor permitted the plaintiff's to take his schedule shower,"

_____

[1]Plaintiff's claims against a number of other defendants were dismissed by the Court on
December 22, 2003.

and that defendants directed that plaintiff be escorted back to his cell without allowing him to clean himself.  Amended Complaint (Dkt. #4) ¶¶ 50, 51.

At his deposition, however, plaintiff gave a more detailed, and in some ways different, version of what happened.  He stated that when the incident occurred, he was walking toward the shower area, wearing boxer shorts and slippers.  Dkt. #27 at 32.  Plaintiff testified that, pursuant to usual procedures, he was also wearing handcuffs behind his back and ankle shackles.  *Id.* at 29.

Plaintiff stated that as he was walking by a particular inmate's cell, he saw the inmate holding a styrofoam cup.  *Id.* at 34.  When he saw the inmate cock his arm back as if to throw, plaintiff ducked.  *Id.*  Plaintiff testified that the contents of the cup hit the wall next to plaintiff, and that "a couple of drops" splattered off the wall onto plaintiff's legs and back.  *Id.* at 37.  Plaintiff explained that he "got splattered just a little bit."  *Id.* at 38.  When asked by defense counsel if he had "basically laughed it off," plaintiff responded, "Exactly."  *Id.* at 39.

Plaintiff also testified that after this occurred, defendant Sergeant Frost told plaintiff to get in the shower with his restraints on "to wash the stuff off [plaintiff's] back."  *Id.* at 51.  Plaintiff estimated that he remained in the shower, with the water running, for ten or more minutes.  *Id.* at 71-72.  During this time, plaintiff testified, he and the correctional officers with him "were just laughing because [the other inmate] missed [hitting plaintiff] ... ."  *Id.* at 56.

After plaintiff got out of the shower, some officers came with a camera to photograph him.  Plaintiff testified that he hadn't "the faintest idea [why] because I had already washed the feces off me, so I didn't see what logic – what logic they was using to take pictures after I washed the feces off me."  *Id.* at 79.

Plaintiff was then returned to his cell.  He testified that he washed his slippers with soap and water in the sink, and flushed his boxer shorts down the toilet.  *Id.* at 91.  He also stated that he "soaped up [his] washcloth at the sink and wash[ed his] body."  *Id.* at 92.  He agreed that he "shrugged [the incident] off ... ."  *Id.* at 93.

**DISCUSSION**

Plaintiff claims that defendants' actions violated his rights under the Eighth Amendment. "To prove a violation of the Eighth Amendment, an inmate must show (1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" *Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Living conditions that "jeopardize an inmate's health or safety" can give rise to an Eighth Amendment claim. *Id.* at 164. *See*, *e.g.*, *Wright v. McMann*, 387 F.2d 519 (2d Cir. 1967) (allegations that prisoner was denuded and exposed to bitter cold in solitary confinement cell for eleven days, that he was deprived of basic elements of hygiene such as soap and toilet paper, and that cell was filthy, without adequate heat, and virtually barren would, if established, constitute cruel and unusual punishment in violation of the Eighth Amendment) (cited in *Trammell*, 338 F.3d at 164. According to plaintiff's own testimony, however, nothing of that sort occurred here. By his own admission, plaintiff was splattered with a few drops of excrement, and was promptly taken to the shower, where he was allowed to rinse it off. Although his handcuffs and shackles remained on, there is no indication that he was unable to get reasonably clean. When he was returned to his cell, plaintiff was able to clean himself further with soap and a washcloth.

There is also no indication that defendants acted with a culpable state of mind. Again, plaintiff himself testified that he and the officers were joking and laughing about the incident, and that he simply shrugged it off. Plainly, then, plaintiff has failed to make out either prong of a claim under the Eighth Amendment. *See Trammell*, 338 F.3d at 165 (inmate's deprivation of adequate supply of toilet paper and other toiletries, "while perhaps uncomfortable–does not pose such an obvious risk to an inmate's health or safety to suggest that the defendants were 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that they also drew] the inference'") (quoting *Farmer*, 511 U.S. at 837).

In opposition to defendants' motion, plaintiff contends that he was hit by more than just a few drops of fecal matter. Courts "have held with virtual unanimity," however, "that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999). Plaintiff has not explained why he testified at his deposition that he had been hit by only "a couple of drops," if in fact it was more than that. At any rate, regardless of how much of the cup's contents ended up on plaintiff, the record shows that he was allowed to clean himself off within a reasonable period of time.

Plaintiff also contends that his deposition was untimely, because it was taken several weeks after the deadline set by the Court in its April 12, 2005 scheduling order. Even if plaintiff is correct, however, that would not justify denial of defendants' motion. The Second Circuit has expressed its preference that actions be decided on the merits rather than on technical defects, *see*, *e.g.*, *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), and plaintiff has demonstrated no unfair prejudice by the alleged tardiness of his deposition. *See Cargill, Inc. v. Sears Petroleum & Transport Corp.*, 334 F.Supp.2d 197, 248 (N.D.N.Y. 2004) (since no prejudice resulted from arguably untimely disclosure of two disputed documents in patent infringement suit, disputed documents would not be stricken).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #26) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 22, 2006.